## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRANDA ZUBER, *et alius,* | : |
| Plaintiffs, | : **Civil Action No. 03-12175 (RCL)** |
| v. | : |
| PUTNAM INVESTMENT | : |
| MANAGEMENT, LLC, | : |
| Defendant. | : |
| | : |

| | |
|---|---|
| ANN SCHNEPS DUBIN, *et al.,* | : |
| Plaintiffs, | : **Civil Action No. 03-12209 (RCL)** |
| v. | : |
| | : |
| PUTNAM INVESTMENT | : |
| MANAGEMENT, LLC, | : |
| Defendant. | : |
| | : |

| | |
|---|---|
| EVON YAMEEN, *et al.,* | : |
| Plaintiffs, | : **Civil Action No. 03-12222 (RCL)** |
| v. | : |
| PUTNAM INVESTMENT | : |
| MANAGEMENT, LLC, | : |
| Defendant. | : |
| | : |

| | |
|---|---|
| EDWARD CASEY, *et al.,* | : |
| Plaintiffs, | : **Civil Action No. 03-12273 (RCL)** |
| | : |
| v. | : |
| PUTNAM INVESTMENT | : |
| MANAGEMENT, LLC, | : |
| Defendant. | : |
| | : |

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR CONSOLIDATION
## AND FOR APPOINTMENT OF LEAD COUNSEL

Plaintiffs in the above captioned actions submit this Memorandum in support of their motion to consolidate these four (4) related shareholder actions alleging violations of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-1 *et seq.*, and for appointment of plaintiffs' Lead Counsel.

## I. **BACKGROUND**

Each complaint alleges that the defendant, Putnam Investment Management, LLC, ("Putnam") violated sections 20(a) and 36(b) of the ICA, 15 U.S.C. §§ 80a-20(a), 80a-35(b). Specifically, the complaints allege that Putnam, which is the investment advisor to the Putnam family of funds ("Putnam Funds"), breached its fiduciary duties to the Putnam Funds, and in particular to those funds in which plaintiffs own shares, by permitting its own employees and favored clients to engage in market timing of the funds to the detriment of the Putnam Funds and in violation of section 36(b) of the ICA. Moreover, certain funds issued proxies in connection with the advisory contract between the fund and Putnam which were false and misleading and in violation of section 20(a) of the ICA. *See* Affidavit of Stanley M. Grossman in Support of Motion to Consolidate, dated November 17, 2003 ("Grossman Aff.") ¶¶ 2-5.

Each action is brought pursuant to the ICA and on behalf of the individual named funds. Each action seeks rescission of the investment advisory contract, return of the management fees paid by the funds to Putnam, and an award of damages for violating section 20(a) of the ICA. None of the actions purport to represent a class. Based on motion papers filed before the Judicial Panel on Multidistrict Litigation on behalf of the defendant and other Putnam related entities, and an examination of the complaints attached therewith, there are no other actions pending in this or any other District that allege similar non-class action claims arising under the ICA. *See* Grossman Aff.

-2-

¶¶ 2-7.

Plaintiffs' counsel have conferred and have agreed to coordinate the prosecution of these cases to avoid unnecessary and duplicative proceedings and best serve the interests of the parties and the Court. To promote these same interests they have also designated plaintiffs' Lead Counsel. *See* Grossman Aff. ¶¶ 8-9.

## II. CONSOLIDATION IS APPROPRIATE UNDER RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may take such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A district court has broad discretion to determine the propriety of consolidation. *See Seguro de Servicio de Salud v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) ; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); Wright & Miller, Federal Practice and Procedure: Civil 2d § 2383. The purpose of consolidation is "to enhance trial efficiency (*i.e.*, to avoid unnecessary duplication of evidence and procedures); and to avoid the substantial danger of inconsistent adjudications (*i.e.*, different results because tried before different juries, or a judge and jury, etc.)." Schwarzer et al., *Federal Civil Procedure Before Trial* at ¶ 16:138 (TRG 1999); *see also Johnson v. Celotex Corp.*, 899 F.2d at 1285 ("courts have taken the view that considerations of judicial economy favor consolidation"); *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual

issues.'") (citation omitted).

"The single essential requirement is questions of law or fact common to the cases that are to be consolidated." *Federal Civil Procedure Before Trial* at ¶16:139 (emphasis omitted). Further, "[t]his rule also permits the consolidation of actions at the pretrial stage." *Firemen's Ins. Co. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990). Consent of the parties is not required nor is similarity of the parties necessary to consolidated separately filed actions. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d §§ 2383, 2384 ("although identity of the parties strengthens the case for consolidation under Rule 42(a), it is not required. A substantial common question of law or fact is enough."). Lastly, "[a] motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de Servicio de Salud,* 878 F.2d at 8 (quoting *Lavino Shipping Co. v. Santa Cecilia Co.*, 1972 A.M.C. 2454, 2456 (S.D.N.Y.)).

There can be no dispute that these cases should be consolidated. All the claims alleged by plaintiffs arise out of the same facts (*i.e.*, the market-timing of Putnam Funds); each is predicated on identical violations of the ICA (*i.e.*, sections 20(a) and 36(b), 15 U.S.C. §§ 80a-20(a), 80a-35(b)); each plaintiff presents claims on behalf of the funds; each fund named is advised by the same defendant fund advisor; and, each plaintiff requests identical relief from the Court with respect to his or her fund. Considering that almost all legal and factual issues are common, the consolidation of these actions would significantly further the convenience of the Court, parties and witnesses, and promote a just and efficient resolution of the actions. Consolidation will avoid delay, reduce confusion and ease the management of discovery and trial.

### III. PROPOSED ORDER OF CONSOLIDATION SETS FORTH
### AN APPROPRIATE PLAINTIFFS' LEAD COUNSEL

Where litigation involves numerous parties with common interests but separate counsel, the individual filings of motions, individual pursuit of discovery and individual presentation of arguments, all result in a waste of time, money and resources of the parties, and is against the interest of judicial economy.

Following accepted practice, *see* Manual for Complex Litigation, Second, § 20.22 to § 20.225, plaintiffs' counsel have conferred and have agreed to cooperate within an organizational structure that they believe will promote the best interests of their clients and the orderly progress of this litigation. In this regard, they have chosen as        plaintiffs' Lead Counsel, the law firm of Pomerantz Haudek Block Grossman & Gross LLP.

**1.       Duties of Lead Counsel**

Lead Counsel will, after consultation with other counsel, be responsible for formulating and presenting positions on substantive and procedural issues during the litigation. Lead Counsel will act for the group in presenting written and oral arguments and suggestions to the Court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducing the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met. Lead Counsel will designate and create any necessary committees and appoint committee chairs and assign other co-counsel, and otherwise delegate responsibilities, for specific tasks in a manner to assure that pretrial and trial preparation for the plaintiffs is conducted effectively, efficiently and economically.

2.    **Proposed Lead Counsel Is Experienced**

Pomerantz Haudek Block Grossman & Gross LLP, proposed Lead Counsel, has for over 50

years specialized in actions involving securities fraud, breaches of fiduciary duty and corporate

mismanagement.  It currently plays leadership roles in countless class action, securities fraud,

shareholder derivative and antitrust cases, in both state and federal court.  The firm has had

unparalleled experience in representing shareholders of mutual funds for claims arising under the

ICA and, in particular, section 36(b).  In fact, the Pomerantz firm has been recognized as having

"made law" in applying traditional fiduciary principles to the fiduciary duties of advisors in the

mutual fund industry.  *See Rosenfeld v. Black*, 56 F.R.D. 604, 605 (S.D.N.Y. 1972).  In awarding

plaintiffs' their costs and expenses in *Rosenfeld*, Judge Gurfein stated:

> [Plaintiffs] were faced from the beginning with the decision of the Ninth
> Circuit in *Securities and Exchange Com'n v. Insurance Securities Inc. . . .*,
> a decision which, in its essence, was not easily distinguishable.  This seemed
> to be made even more apparent by the decision of the distinguished District
> Judge who followed its authority and granted summary judgment for the
> defendants, dismissing the complaint.
>
> Undaunted, the petitioners appealed to the Court of Appeals for the Second
> Circuit. That Court, reversed the judgment and sustained the claim for relief
> on the theory of breach of trust.  This was no ordinary victory for the
> petitioners.  It marked the crossing of a new frontier in the application of the
> fiduciary principles of an earlier day to the present day fiduciary
> responsibilities of management in the mutual fund industry.
> . . . .
> It is not hard to imagine the incisive thinking and painstaking research that
> went into the joint product of Messrs. Pomerantz and Haudek, two
> acknowledged leaders in the field of derivative shareholders' actions. And in
> these days of high costs, a lawyer's overhead is no small factor, especially in
> a contingent fee situation. Let it be thought I am awarding accolades rather
> than tangibles, I come to the point. They shall have the fee requested for it is
> well deserved.

*Id*. at 605-06 (citations omitted).

A few of the other cutting edge cases in which the Pomerantz firm has represented shareholders of mutual funds for violation of the ICA include: *Gartenberg v. Merrill Lynch Asset Mgmt, Inc.*, 740 F.2d 190 (2d Cir. 1984); *Blatt v. Dean Witter Reynolds Intercapital, Inc.*, 528 F. Supp. 1152 (S.D.N.Y. 1982), later proceedings at, 566 F. Supp. 1294 (S.D.N.Y. 1983, aff'd by, 732 F.2d 304 (2d Cir. 1984); *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982); *Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981); *In re Gartenberg*, 636 F.2d 16 (2d Cir. 1980); *Ruskay v. Waddell*, 552 F.2d 392 (2d Cir. 1977); *Fogel v. Chestnutt*, 533 F.2d 731 (2d Cir. 1975); and *Olesh v. Dreyfus Corp.*, No. CV-94-1664 (CPS), 1995 U.S. Dist. LEXIS 21421 (E.D.N.Y. August 8, 1995).

There is no question that the Pomerantz firm is well versed and able to serve as Lead Counsel. The firm resume is attached hereto as Exhibit A.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court consolidate these actions and appoint Pomerantz Lead Counsel.

Dated:        November 18, 2003

Respectfully submitted,

**BERMAN DeVALERIO PEASE**
**TABACCO BURT & PUCILLO**

Norman Berman BBO # 04060
One Liberty Square
Boston, MA 02109
T: (617) 542-8300
F: (617) 542-1194

*Attorneys for Plaintiffs*

-7-

Stanley M. Grossman
Marc I. Gross
H. Adam Prussin
Ronen Sarraf
**POMERANTZ HAUDEK BLOCK
   GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, New York 10017
T: (212) 661-1100
F: (212) 661-8665

*Proposed Lead Counsel for Plaintiffs*

Harry W. Jacobs
**JACOBS LAW OFFICES**
500 East 77th Street, Suite 507
New York, NY 10021
T: 212-288-5172
F: 212-288-5172

*Attorney for Plaintiff Miranda Zuber*

David Jaroslawicz
**LAW OFFICES OF JAROSLAWICZ &
JAROS**
150 William Street
New York, NY 10038
T: 212-227-2780
F: 212-227-5090

*Attorney for Plaintiff Norma Dweck Cust*

Klari Neuwelt
**LAW OFFICE OF KLARI NEUWELT**
110 East 59th Street, 29th Floor
New York, NY 10022
T: (212) 593-8800
F: (212) 593-9131

*Attorneys for Plaintiffs Ann Schneps
Dubin, Helen Wasserman and Harriet
Surks*

-8-

Alan L. Kovacs
BB0# 278240
**LAW OFFICE OF ALAN L. KOVACS**
2001 Beacon Street
Suite 106
Boston, MA 02135
T: (617) 964-1177
F: (617) 332-1223

*Attorney for Plaintiffs*

Richard J. Vita
**LAW OFFICES OF RICHARD J. VITA, P.C.**
77 Franklin Street, Suite 300
Boston, Massachusetts 02110
T: (617) 426-6566
F: (617) 357-1612

*Attorneys for Plaintiffs Evon Yameen, Kenneth Yameen, Lisa Yameen, Edward L. Murphy, John H. Diamond Jr., Elise M. Diamond, James W. Yameen, Craig J. Mclaughlin, Debora J. Mclauglin, Michelle Yameen, Dolores Banas, Joseph P. Mcdonough, Michael J. Meehan, Teresa M. Meehan, John E. Morrissey, Thomas F. Bednarek, Howard W. Mathews, Lorraine Blacker, Edward Casey, Tina Casey and Lawrence A. Stigas*