UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIRANDA ZUBER, et al | : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 03-12175-MLW |
| | : | |
| v. | : | |
| | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |
| ANN SCHNEPS DUBIN, et al | : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 03-12209-MLW |
| | : | |
| v. | : | |
| | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |
| EVON YAMEEN, et al | : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 03-12222-MLW |
| | : | |
| v. | : | |
| | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |
| DIANE HUTTO, et ano | : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 03-12227-RWZ |
| | : | |
| v. | : | |
| | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| EDWARD CASEY, et al | : | |
| Plaintiffs, | : | Civil Action<br>No. 03-12273-MLW |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| JOHN K. CLEMENT, et ano | : | |
| Plaintiffs, | : | Civil Action<br>No. 03-12400-RWZ |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| ANTONIO IOAKIM, et al | : | |
| Plaintiffs, | : | Civil Action<br>No. 03-12402-MLW |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |
| JOANNE S. BASEMAN, | : | |
| Plaintiffs, | : | Civil Action<br>No. 03-12526-RWZ |
| v. | : | |
| PUTNAM INVESTMENT MANAGEMENT, LLC, | : | |
| Defendant. | : | |

| | |
|---|---|
| SETH B. MARKS,<br><br>                                    Plaintiffs,<br><br>   v.<br><br>PUTNAM INVESTMENT<br>MANAGEMENT, LLC,<br><br>                                    Defendant. | Civil Action<br>No. 03-12441-RWZ |

**DERIVATIVE PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW (i) IN OPPOSITION TO MOTION BY DERIVATIVE PLAINTIFFS TO CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL, (ii) IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## INTRODUCTION

On January 6, 2004, plaintiffs Hutto, Clement, Baseman and Mark (the "Hutto Group") in the above captions, moved this Court to consolidate their derivative actions (the "Hutto Group Motion"). In another court in this district, plaintiffs Zuber, Dubin, Yameen, Casey and Ioakim (the "Zuber Group"), in the above captions, stipulated *with the Putnam Defendants* to consolidate their cases. *See* Exhibit A. Now, the Hutto Group and the Zuber Group have agreed to join their cases in one consolidation, with an Executive Committee composed of counsel from both groups.

The Putnam Defendants improperly attempt to interfere with the organization and progress of the Hutto Group cases against the Putnam Defendants that are pending in this district despite the fact that they stipulated to the consolidation of the Zuber Group before Judge Wolfe. The Putnam Defendants do not have standing to participate in the process of consolidating the derivative actions and designating lead counsel in those actions (the "Derivative Actions"), just like they lack standing to do so in the context of choosing lead plaintiffs and lead counsel in class cases under the PSLRA. In addition, the Putnam Defendants would not be prejudiced in any way

by a consolidation of the Hutto Group actions, while the MDL process actually would be accelerated and assisted by such consolidation.

Following the Hutto Group Motion, the Class Action Plaintiffs entered into a stipulation with the Putnam Defendants to stay the class actions pending in this Court until the Judicial Panel on Multidistrict Litigation (the "MDL") rules on whether to centralize the actions against the Putnam Defendants in one district. *See* Defendants' Memorandum of Law (i) In Opposition to Motion by Derivative Plaintiffs to Consolidate Derivative Cases and Appoint Lead Counsel, and (ii) in Support of Defendants' Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multidistrict Litigation ("Defendants' Opposition Memorandum"), Exhibit B. The Hutto Group Plaintiffs were not a party to that stipulation, and oppose such a stay.

Subsequently Hutto Group counsel and Zuber Group counsel representing all of the derivative actions against the Putnam Defendants with the exception of the *Puleo* action,[1] have agreed to consolidate all of the derivative actions pending against the Putnam Defendants under the leadership of an executive committee comprised of the law firms of Wolf Haldenstein Adler Freeman & Herz, LLP, Chimicles & Tikellis and Pomerantz Haudek Block Grossman & Gross, LLP. *All of the Putnam derivative cases, except one Delaware case*[2], *are now before this Court.* Moreover, *all of the derivative cases, except Puleo, support consolidation of the Hutto Group and Zuber Group cases and the appointment of the Executive Committee lead counsel.* If this Court grants the Hutto Group plaintiffs' cross-motion to consolidate and appoint lead counsel, it would not be necessary to decide this purely organizational issue again after the MDL designates

---

[1] *Puleo v. Putnam, LLC*, No. 03-CV-12527 (D. Mass.). Puleo is represented by the law firm of Hagens Berman, LLP which, at the eleventh hour, has filed a request to file an *amicus* brief with this Court supporting the Class Plaintiffs' and Putnam Defendants' motions to stay the Hutto Group plaintiffs' motion to consolidate until after the MDL decides whether the actions against the Putnam Defendants should be transferred to a single forum.

[2] The Delaware case, *Starr v. Putnam Investment Management, Inc.*, No. 03-CV-1023 (D.Del), was brought by the firm of Chimicles & Tikellis, once of the proposed Executive Committee members in this case. Chimicles & Tikellis have moved before the MDL panel to transfer *Starr* to this District.

2

a transferee court, whether or not all the Putnam derivative cases are transferred to this district or to another district.

## ARGUMENT

### A. The Putnam Defendants Do Not Have Standing to Oppose Consolidation of the Derivative Actions

The Putnam Defendants cite no precedent for the proposition that they are entitled to intervene in a motion to consolidate the Derivative Actions, because there is none. In fact, the related case law in this District regarding defendants' standing to object to the selection of Lead Plaintiff under the PSLRA shows that just the opposite is true. *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996) (["Defendant] lacks standing to challenge whether Movants [plaintiffs] satisfy the criteria set forth in Section 21 (D)(a)(3)(B)(iii) [Lead Plaintiff provision of PSLRA].")[3]. Where the issue is the consolidation of non-PSLRA derivative actions, the Putnam Defendants certainly have no standing to intervene.

### B. Consolidation of the Derivative Actions will not Prejudice the Putnam Defendants in Any Way

Even the Putnam Defendants do not argue in Defendants' Opposition Memorandum that they would be prejudiced by the consolidation of the Derivative Actions in this Court because no prejudice would ensue. The opposite is true because the consolidation of any set of actions in any court is always *for the benefit of defendants*. The policy behind consolidation is that it would be unfair to defendants to make them defend against multiple actions either in one court or in several courts. Such multiple defenses would require extra cost and time, as well as redundancy of effort, especially in the discovery process. Therefore, not only is the consolidation of the Derivative Actions in this Court not prejudicial to the Putnam Defendants,

---

[3] Defendants may only object to "procedural prerequisites for consideration of a motion for lead plaintiff" such as the adequacy of notice or the certification accompanying a complaint. *Id.* at 61.

3

but it is a benefit since it begins the process of reducing the number of individual actions against which the Putnam Defendants ultimately must defend.

The fact that the Class Action Plaintiffs have chosen to stay their consolidation and lead plaintiff motions pending the MDL decision is wholly irrelevant to the Derivative Actions. The Class Actions, alleging violations of the federal securities laws, are completely different from the Derivative Actions, which allege violations of Section 36(b) of the Investment Company Act of 1940 and breach of fiduciary duties. Moreover, the Class Actions are subject to the lead plaintiff and class certification provisions of the PSLRA, while the Derivative Actions are not. Accordingly, there is no question that, while certain aspects of pre-trial procedure, such as discovery, will be coordinated in some way, the Class Actions and Derivative Actions will proceed separately with separate plaintiff and counsel leadership.

### C. Consolidation of the Derivative Actions would Facilitate, Not Impede, the MDL's Ultimate Ruling

Consolidation of the Derivative Actions in this Court would facilitate, not impede, the MDL's ultimate determination. By reducing the number of separate cases in this action, this Court would be presented with fewer actions to consolidate if it were designated as transferee court by the MDL, or would be forwarding fewer cases to any other transferee designated by the MDL. In either case, the transferee court would have *less* work to do and, therefore, judicial resources would be conserved.

The process of consolidation of the Derivative Actions in this Court also would not be a particular burden to this Court since there is no opposition to the consolidation *among the Derivative Plaintiffs. Counsel for the Puleo derivative plaintiffs* have merely urged a stay in the consolidation process. They have filed no motion in opposition to the Derivative Plaintiffs' consolidation motion.

4

### D. Other District Courts Have Permitted Consolidation of Derivative Cases in Similar Mutual Fund Cases to Proceed Even When MDL Proceedings Were Pending

In the wake of the recent mutual fund scandals, derivative actions involving many mutual fund families have been filed in many different districts. All are currently subject to MDL proceedings. In a number of these cases, the district courts have permitted consolidation of the derivative actions (as well as class actions) before them even with MDL action pending.

In the case of the Federated mutual fund cases, for example, Magistrate Judge Robert C. Mitchell of the United States District Court for the Western District of Pennsylvania consolidated the class actions as one group of consolidated cases and the derivative actions as a separate group of consolidated cases. Magistrate Judge Mitchell then appointed Mark Rifkin, counsel for certain derivative actions before this Court, and a member of the proposed Executive Committee, as "Plaintiffs' Liaison counsel" in the Federated cases. *See* Exhibit B. In the Strong mutual fund cases in the Eastern District of Wisconsin, Judge Charles N. Clevert held hearings on the issue of the consolidation of the derivative actions, also with the MDL hearings pending. *See* Exhibit C.

Thus, this Court would not be alone in consolidating the Derivative Actions while an MDL decision was pending.

## CONCLUSION

For the reasons set forth above, the Derivative Plaintiffs respectfully request that this Court deny the Putnam Defendants' motion to stay proceedings pending a decision by the MDL and to grant their cross-motion to consolidate the Derivative Actions and appoint the proposed Executive Committee Derivative Lead Counsel.

Dated: Boston, Massachusetts
February 3, 2004

**DEUTSCH WILLIAMS BROOKS DERENSIS & HOLLAND, P.C.**

By: _____
Steven J. Brooks
Robert D. Hillman
99 Summer Street
Boston, MA 02110
(617) 951-2300
rhillman@dwboston.com

**WOLF HALDENSTEIN ALDER FREEMAN & HERZ LLP**
Daniel W. Krasner
Mark C. Rifkin
Demet Basar
Robert Abrams
Christopher S. Hinton
270 Madison Avenue
New York, NY 10016
(212) 545-4600

**CHIMICLES & TIKELLIS**
Nicholas E. Chimicles
Denise Davis Schwartzman
Timothy N. Mathews
Attorney I.D. No. 40659
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500

6

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS, LLP.**
Stanley M. Grossman
Ronen Sarraf
100 Park Avenue
New York, N.Y. 10017-5516
(212) 661-1100

**CHITWOOD & HARLEY**
Martin D. Chitwood
Lauren D. Antonino
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
(404) 873-3900

**ATTORNEYS FOR PLAINTIFFS**

348940

7